EVANS *vs.* VANCE.

A creditor's bill, containing only general allegations as to property, but no specific charge, having been dismissed on the ground that no property of the debtor was discovered, a motion to set off the costs of the defendant against the judgment, was denied; because the court considered the creditor's bill a mere fishing bill, and an abuse of the legitimate purposes of a creditor's suit.

IN EQUITY.  This was an ordinary creditor's bill, containing only the general averments, with no allegation as to any specific piece or article of property or assets.  After a full answer of the defendant, denying that he had any property whatever, the bill for that cause was dismissed.  On settling the decree,

*J. H. Hedley*, for the plaintiff, moved to set off the defendant's costs in this suit against the plaintiff's judgment.

*J. H. Applegate*, contra.

EDMONDS, J.  We are determined in cases like this, which is a mere fishing bill, not founded upon any specific allegation, and not even upon any knowledge or belief that the defendant had any property, not to allow the costs consequent upon the dismissal of the bill to be set off againt the judgment.  Such suits are mostly mere matters of speculation, where the plaintiff indulges in very general charges, and puts very general inquiries, in the expectation that if he fails in finding any thing, it will cost him nothing, because he can use his judgment against an insolvent debtor to ward off his liability for the expenses to which he has put his adversary.

The effect of this is to encumber this court with useless suits, to use its process and powers for vexatious purposes, and to compel the supreme court, on its equity side, to become a most expensive and dilatory instrument of collecting debts.  Creditor's bills are frequently a very valuable aid in the collection of

demands against fraudulent debtors; and in that aspect they are deserving the protection of the court. But it is an abuse of their legitimate character when thus resorted to, for mere fishing purposes; and we cannot encourage that abuse, by allowing the set-off in such cases.

Motion to set off denied.

